on dependant’s motion for rehearing
These long-delayed cases are again before the court on defendant’s motion for rehearing of the court’s order of March 3, 1981. Both parties have also filed, on April 20, 1981, a joint memorandum for clarification of the order of March 3, 1981 — a motion which might well be characterized as a motion for declaratory judgment. In an effort to avoid further preliminary wrangling by counsel for the parties, and hopefully to remove any further obstacles to the trial of these cases, the court hereby supplements its order of March 3, 1981, as follows:
*543 I
The defendant is in error in assuming that the court reversed the trial judge’s ruling, and intended to state "that all claims (i.e., all legal and equitable claims) which could have been raised under the 1926 act, but were not, are now barred by the doctrine of res judicata and cannot be saved from the bar of res judicata by invoking Section 2, Clause (5) of the Indian Claims Commission Act.” We corrected the trial judge’s citation of Cromwell v. Sac, 94 U.S. 351 (1876) only in order to provide an exact quotation of the language in that case.
The court’s order regarding the remarks of Rep. Karl É. Mundt, quoted on p. 27 of the trial judge’s opinion, was added because the remarks of the Congressman suggested that even if an unadjudicated claim formed a part of an adjudicated claim, it could still be litigated despite the bar of res judicata In determining what claims are barred by the doctrine of res judicata, the court repeats that the guidelines to be followed are set forth in Container Transport International, Inc. v. United States, 199 Ct. Cl. 713, 468 F.2d 926 (1972) and Creek Nation v. United States, 168 Ct. Cl. 483 (1964). We have not limited or modified our decision in Creek; therefore, claims based either on Clause (3) or (5) of Section 2 of the Indian Claims Commission Act are not barred by the doctrine of res judicata because claims based on these parts of the Act could not have been presented in the prior litigation.
H.
It is not clear whether defendant’s motion for rehearing is addressed to the court’s ruling on Docket No. 189-C—Exception No. 12. If the motion is so intended, we repeat that the trial judge’s opinion and decision of March 21, 1980, is approved and adopted by the court for the reasons set forth at length in his opinion.
*544 III.
The defendant has also moved for rehearing of the court’s order on Docket No. 189-C—Exception No. 8. Defendant is in error in assuming that since the court deleted the first sentence of the first paragraph of its opinion in Red Lake Band, et al. v. United States, 221 Ct. Cl. 325, 607 F.2d 930 (1979), defendant is now entitled to an order holding that the involved claim is barred by the doctrine of res judicata. We have examined this contention, as well as defendant’s arguments with respect to Dockets Nos. H-76, H-163, H-192 and M-135, and find that the claim is not a part of any claim which could have been raised in the former actions. We reiterate that the reasons set forth in our decision of October 17, 1979 (holding that the claim is not barred by the doctrine of collateral estoppel) provide even stronger grounds for holding that the claim is not barred by the doctrine of res judicata.
The court hereby notifies the parties that it will not be receptive to additional pretrial motions for rehearing or clarification and admonishes the parties to get on with the trial of these cases.
rr is therefore ordered that defendant’s motion for rehearing, filed March 17, 1981, is hereby denied, it is also ordered that except as stated above, the joint motion for clarification, filed April 20, 1981 is denied.